IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DALE E. WALLACE,<br><br>    Plaintiff,<br><br>vs.<br><br>CORRECTIONAL OFFICER TYLER MAYER,<br><br>    Defendant. | CV-20-53-H-BMM-JTJ<br><br>O<small>RDER</small> |

## INTRODUCTION

Plaintiff Dale Wallace ("Wallace"), a state prisoner proceeding without counsel, filed a proposed Complaint (Doc. 2) pursuant to 42 U.S.C. § 1983, alleging Defendant destroyed Wallace's property in violation of his Fourteenth Amendment due process rights. United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on October 14, 2020.

Judge Johnston granted Wallace's Motion to Proceed In Forma Pauperis (Doc. 1). (Doc. 4 at 1-2). Judge Johnston then applied the 28 U.S.C. §§ 1915 and 1915A screening standard required for prisoner proceedings in which the plaintiff appears in forma pauperis. (Doc. 4 at 2-5). Judge Johnston recommended that this

1

Court dismiss Wallace's Complaint (Doc. 2), because it fails to state a federal claim upon which relief may be granted. (Doc. 4 at 1).

Wallace filed an objection to Judge Johnston's Findings and Recommendations on October 21, 2020. (Doc. 6). (Doc. 6). Wallace argues that Judge Johnston's Findings and Recommendations erroneously applied the controlling case law in this matter. (Doc. 6 at 3). Wallace asserts that he qualifies for the *Zinermon* exception to the *Parratt* rule. *See Zinermon v. Burch*, 494 U.S. 113 (1990); *Parratt v. Taylor*, 451 U.S. 527 (1981).

This Court reviews *de novo* findings and recommendations to which an objection is made. 28 U.S.C. § 636(b)(1)(C). Where a party's objections constitute perfunctory responses argued in an attempt to engage the district court in a relitigation of the same arguments set forth in the complaint, however, the Court reviews for clear error the applicable portions of the findings and recommendations. *Rosling v. Kirkegard*, 2014 WL 693315, at *3 (D. Mont. Feb. 21, 2014) (internal citations omitted). (*See* Doc. 6). Wallace's objection reasserts the facts in his Complaint (Doc. 2), therefore, the Court reviews the Findings and Recommendations for clear error.

## DISCUSSION

Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis by a prisoner against a governmental defendant

before it is served if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Prisoners have a protected interest in their personal property. *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). An authorized, intentional deprivation of property (one carried out pursuant to established state procedures) is actionable under the Due Process Clause. *Hudson v. Palmer*, 468 U.S. 517, 532 n. 13 (1984) (citations omitted). On the other hand, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Id.* at 533; *see also Parratt*, 451 U.S. at 544.

The U.S. Supreme Court created an exception to the *Parratt* rule in *Zinermon*, where the plaintiff can show the following facts: (1) the deprivation of liberty was predictable; (2) the creation of a pre-deprivation process was not impossible; and (3) the deprivation was the result of an official's "abuse of his position" and therefore was not "random and unauthorized." *Zinermon*, 494 U.S. at

136-38. The Ninth Circuit applied this exception in *Honey v. Distelrath*, 195 F.3d 531, 533 (9th Cir. 1999). In *Honey*, the Ninth Circuit determined that the defendants served in positions with "substantial discretionary powers," with "the authority to effect the very deprivation complained of, and the duty to afford [the defendant] procedural due process." *Id.* at 534. Where the defendant is responsible for the procedural deficiency, their action cannot be "random and unauthorized" under *Parratt*. *Id.*

    Applying the *Honey* test to the factual allegations in Wallace's Complaint, the Court finds that Wallace fails to meet the *Zinermon* exception to the *Parratt* rule. Wallace alleges that Defendant Mayer, a Correctional Officer, was responsible for conducting the search of Wallace's belongings. (Doc. 2 at 7). Defendant Mayer was not responsible, however, for creating a deficiency in prison procedures that resulted in the alleged lack of due process for Wallace. (Doc. 2 at 5). Defendant Mayer allegedly failed to follow established prison procedures that were enacted by senior prison officials to afford prisoners like Wallace with due process before confiscation of their personal property. *Id.* Defendant Mayer's alleged taking of Wallace's property was random and unauthorized because Defendant Mayer purportedly failed to follow established prison deprivation procedures.

Judge Johnston found, at most, that Wallace's Complaint (Doc. 2) alleges an *unauthorized* intentional deprivation of property by Defendant. (Doc. 4 at 5). Judge Johnston found that whether Defendant's action was *intentional* proves inconsequential to the present action. *Id.* Wallace's complaint alleges an injury that arises from an unauthorized deprivation of property. (Doc. 2). The Montana Tort Claims Act, Mont. Code Ann. §§ 2-9-101 et seq., provides an adequate post-deprivation remedy. *See, e.g.*, Mont. Code Ann. § 2-9-101(1).

The Court has reviewed Judge Johnston's Findings and Recommendations for clear error. The Court finds no error in Judge Johnston's Findings and Recommendations, and adopts them in full.

### ORDER

Accordingly, **IT IS ORDERED:**

1. This matter is **DISMISSED** for failure to state a federal claim.

2. The Clerk of Court is directed to close this matter and enter a judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plan the instant Complaint (Doc. 2) is frivolous as it lacks arguable substance in law or fact.

3.      The Clerk of Court is directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Wallace has failed to state a claim upon which relief may be granted.

Dated this 28th day of October, 2020.

_____
Brian Morris, Chief District Judge
United States District Court